OPINION
The genesis of this litigation is a contract to purchase a condominium unit in Streetsboro, Ohio. The written agreement contains an arbitration clause. Appellee, Carole L. Shonberg, filed an action in the Portage County Common Pleas Court alleging that the seller, appellant, Whitlatch Company, at times prior to, during and after execution of the contract concealed and/or recklessly failed to disclose certain facts regarding the construction of a unit on the site resulting in damage; that appellant knew that the site was unable to withstand the weight of the condominium and that the foundation was receding and cracking; and, that the unit was constructed on uncompacted topsoil. Appellee claims the breach was wanton and malicious demonstrating fraud, breach of express warranties of the contract, breach of implied warranty to perform in a workmanlike manner, failure to disclose material defects or circumstances affecting the property, and in violation of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01, et seq. Appellee prays for rescission, as well as declaratory judgment and injunction.
The Portage County Common Pleas Court denied the motion of appellant to either dismiss the complaint or stay the proceedings pending arbitration.[1]
Appellant appeals assigning two errors:
 "[1.] The trial court erred in denying Appellant's motion to dismiss and/or for Stay of Proceedings pending arbitration pursuant to Ohio Rule of Civil Procedure 12(b)(1) and Ohio Revised Code Sec. 2711.02
and 2711.03 by incorrectly concluding that Appellee's allegation that the entire contract was the product of fraud in the inducement is not subject to the arbitration clause and cannot be resolved in contract arbitration.
 "[2.] The trial court erred in denying Appellant's Motion to Dismiss and/or for Stay of Proceedings pending arbitration pursuant to Ohio Civil Procedure 12(b)(1) and Ohio Revised Code Sec. 2711.02 and 2711.03 by incorrectly concluding that Appellee's claim that the contract should be rescinded is not subject to the arbitration clause and cannot be resolved in contract arbitration."
This interlocutory order of the trial court is made an appealable order as a consequence of R.C. 2711.02, effective May 31, 1990. Neither party challenges the authority of the appellate court to review the order.
Inasmuch as the two assignments of error are interchangeable and involve identical propositions of law, they will be considered together.
The arbitration clause in the construction, sales contract provides,inter alia,
Sec. 19. Arbitration of Disputes:
 "Buyer and Seller agree that any controversy or claim arising out of, or related to this Agreement, or the breach thereof, shall be settled by Arbitration in accordance with the Construction Industry Arbitration Rules and the Expedited Dispute Settlement Rules of the American Arbitration Association then in effect, unless the Parties mutually agree otherwise * * *."
Statutory authority for arbitration by agreement is contained in R.C.2711.02:
 "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *."
Appellant claims favor of ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, and Cross v. Carnes (Dec. 24, 1998), Trumbull App. No. 97-T-0206, unreported, for its proposition that the opponent of the motion for stay has the burden of demonstrating that the binding arbitration provision, itself, in the contract, and not merely the contract, in general, was fraudulently induced.
Appellee counters with the argument that ABM, and related cases, are distinguishable, in that the claim in such cases was not that the entire agreement was fraudulently induced or void, but that the cases involved breach of duty and intentional infliction of emotional distress (inABM), and defamation and fraudulent concealment (in Cross).
This case is a mirror image of our recent decision in Smith v.Whitlatch Co. (May 19, 2000), Portage App. No. 99-P-0027, unreported.
In Smith we reviewed the appropriate decisions, cited herein, and concluded that the rationale of ABM Farms, supra, applied to the same status that the parties herein occupy.
Upon the authority of Whitlatch, supra, the assignment of error is with merit, therefore, we reverse the judgment of the Portage County Common Pleas Court, and remand this cause for further proceedings according to the tenor of this opinion and law.
 ________________________________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., concurs, O'NEILL, J., concurs with Concurring Opinion.
[1] The trial court stated: "In the present case, a review of the pleadings reveals that appellee's claims involve allegations of fraud in the inducement and rescission of the underlying contract. These claims are not subject to the arbitration clause and cannot be resolved in contract arbitration."